JOSEPH RUSKIN, PLAINTIFF-APPELLEE, v. ARTHUR J. CALE, DEFENDANT-APPELLANT.

Superior Court of New Jersey.
Appellate Division

Argued January 8, 1951—Decided January 24, 1951.

Before Judges FREUND, PROCTOR and ROGERS.

*Mr. Leslie S. Kohn* argued the cause for the appellant (*Mr. Harry Potter,* attorney).

The opinion of the court was delivered by

ROGERS, J. A. D. Plaintiff recovered a judgment for wages in the Wage Collection Division of the New Jersey Department of Labor and Industry and defendant appealed to the County Court. Defendant now appeals from the judgment of that court dismissing the appeal for lack of prosecution on plaintiff's motion and denying defendant's motion to fix a

date for hearing his appeal. Plaintiff did not respond to the appeal.

The proceeding was in pursuance of *R. S.* 34:11–57 *et seq.* The appeal was perfected in January, 1950, and the motions for dismissal and for a hearing date were made and disposed of in June. The only provision of the statute relating to timely prosecution of appeals is contained in section 63 and reads:

"Either party may bring on the hearing of the appeal at term time or in vacation upon ten days' notice to the other party or his attorney."

This appeal presents the narrow question of the propriety of the dismissal over objection of an appeal in a statutory proceeding for lack of prosecution for about five months where the statute affords either party the right to move for hearing upon short notice to the other. The statutory method for moving an appeal appears to be apt, fair and expeditious, and there is no other prescribed requirement for prosecution. Unless there are special meritorious circumstances to the contrary the court should require the parties' compliance with the statutory procedure; and certainly this is so in an instance where, as here, a counter-motion to fix a date for hearing was before the court. The statute authorized the defendant to move for a hearing date and the court was required to fix it. That motion clearly countered any inference of defendant's intention to abandon the appeal deducible from the delay of five months, and there was no evidence that in fact the appeal had been abandoned.

The judgment is reversed.